UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81692-RAR

**JOSE EDGARD CASTILLO CASTILLO,** *et al.*,

    Plaintiffs,

v.

**UR MENDOZA JADDOU**, *Director, U.S. Citizenship and Immigration Services*, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction in Light of Subsequent Administrative Developments ("Motion"), [ECF No. 12].[1]  The Court, having reviewed the Motion, the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 12], is **GRANTED** as explained herein.

## BACKGROUND

This case arises out of a decision issued by U.S. Citizenship and Immigration Services ("USCIS") that denied Plaintiffs' Form I-129 Petition for a Nonimmigrant Worker seeking E-2 classification under 8 U.S.C. § 1101(a)(15)(E)(ii) and 8 C.F.R. § 214.2(e).  *See generally* Compl. for Declaratory and Injunctive Relief ("Complaint"), [ECF No. 1].  On June 3, 2021, Plaintiffs filed their Form I-129 to request that Plaintiff Castillo Castillo be classified as an E-2 Treaty

---

[1] Plaintiffs filed a Response to Defendants' Motion to Dismiss ("Response"), [ECF No. 15].  The Court did not allow Defendants to file a Reply.  *See* Paperless Order, [ECF No. 13].  Accordingly, the Motion is fully briefed and ripe for review.

Investor due to his investment of $145,000 into Plaintiff PW Boca Properties LLC. Compl. ¶ 15; *see also* Form I-797C, [ECF No. 1-4]. According to the Complaint, Plaintiff Castillo Castillo acquired a 50% ownership interest in PW Boca Properties LLC by way of this investment. Compl. ¶ 15. The other 50% of PW Boca Properties LLC is owned by New Winds, LLC ("New Winds"). Compl. ¶ 16. Plaintiff Castillo Castillo has no ownership interest in New Winds. *Id.*

USCIS issued a Request for Evidence ("RFE") to Plaintiffs after they filed their petition. Compl. ¶17. In the RFE, USCIS asked Plaintiffs to provide evidence establishing the source of the funds New Winds invested into PW Boca Properties LLC. Compl. ¶ 18; *see also* Req. for Evid., [ECF No. 1-5], at 3. Plaintiffs, believing this request was made in error, responded to this portion of the RFE by claiming the regulations governing E-2 Treaty Investor status do not require an applicant to verify the source of the funds invested into an enterprise by other investors. Compl. ¶ 19. USCIS then issued a decision ("Initial Decision") and denied the petition on July 25, 2022, citing the fact that Plaintiffs did not provide evidence establishing the source of the funds invested by New Winds. *See* Decision, [ECF No. 1-3], at 3. Plaintiffs filed their Complaint on November 1, 2022, alleging that USCIS's denial of the petition was arbitrary, capricious, and unlawful. As relief, Plaintiffs sought an order compelling Defendants to reopen the administrative proceedings and classify Plaintiff Castillo Castillo as an E-2 Treaty Investor. Compl. at 8.

After this case was filed, USCIS reopened the administrative proceedings, vacated its Initial Decision, and issued a new RFE to Plaintiffs. *See* Mot. at 3; Mot. to Stay Court Proceedings Pending Further Administrative Processing ("Motion to Stay"), [ECF No. 6]. Defendants then appeared in this action and filed their Motion to Stay, which the Court granted after Plaintiffs never filed any response in opposition to it. Order Staying Case, [ECF No. 8]. Plaintiff Castillo Castillo provided a response to the new RFE on April 24, 2023. Defs.' Second Status Report, [ECF No.

11]. After evaluating Plaintiff Castillo Castillo's new response, USCIS issued a new decision ("Final Decision") and once again denied the I-129 Petition on June 2, 2023. *See* Mot. at 3; Decision, [ECF No. 12-1]. The Final Decision did not rely on the fact that Plaintiff Castillo Castillo could not prove the source of New Winds' investment. *See generally* Decision, [ECF No. 12-1]. Instead, USCIS largely took issue with Plaintiffs' evidence relating to the funds used by Plaintiff Castillo Castillo for his investment, concluding that "[t]he evidence is insufficient to establish that the investment funds or assets were not obtained, directly or indirectly, through criminal activity." *See id.* at 1–5. USCIS also found that Plaintiff Castillo Castillo failed to establish the enterprise he invested in was a bona fide enterprise. *Id.* at 6–7.

Defendants filed their Motion on July 14, 2023. Defendants request the Court dismiss the case because (1) Plaintiffs' Complaint only seeks review of USCIS's now-vacated Initial Decision, which is no longer a "final agency action" the Court has jurisdiction to review; and (2) this case is now moot because the Final Decision does not rely on the bases underlying the Initial Decision that Plaintiffs filed this action to challenge. Notably, Plaintiffs have not moved to file an amended complaint and have instead opposed the Motion.

## **LEGAL STANDARD**

A party may move to dismiss a case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). FED. R. CIV. P. 12(b)(1). A challenge to the court's subject matter jurisdiction can either be a "facial" or "factual" attack on jurisdiction. *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008). A facial attack challenges the court's jurisdiction based solely on the plaintiff's allegations. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks rely on matters outside of the pleadings, and the court may consider extrinsic evidence and "weigh the facts" to determine if jurisdiction exists. *See*

*Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). The plaintiff has the burden of proving jurisdiction exists over a case. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## ANALYSIS

### I. The Initial Decision is Not a Final Agency Action

First, Defendants argue the Initial Decision is no longer a final agency action and Plaintiffs cannot seek review of the Initial Decision because they have not amended their Complaint to challenge the Final Decision. Plaintiffs do not respond to this argument. This alone is sufficient grounds for dismissing this case, because "a 'party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.'" *See, e.g.*, *Rasof v. Lyubovny*, No. 22-60930, 2022 WL 18464860, at *2 (S.D. Fla. Nov. 1, 2022) (quoting *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)). Nonetheless, the Court agrees with Defendants.

A court may review "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. "[P]reliminary, procedural, or intermediate agency action[s] or ruling[s] not directly reviewable [are] subject to review on the review of the final agency action." *Id.*; *see also Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) ("[F]ederal jurisdiction is . . . lacking when the administrative action in question is not 'final' within the meaning of 5 U.S.C. § 704."). An action is a "final agency action" when two requirements are met: "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps. of Eng'rs v. Hawkes Co.*, 578 U.S.

590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). "The 'core question' about finality 'is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" *Canal A Media Holding, LLC v. U.S. Citizenship and Immigr. Servs.*, 964 F.3d 1250, 1255 (11th Cir. 2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)). In similar contexts, courts have held an agency's decision is no longer a final agency action once the agency reopens the administrative proceedings. *See, e.g.*, *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 50–51 (D.D.C. 2019); *Ahlijah v. Nielsen*, No. 17-1720, 2018 WL 3363875, at *2 (D. Md. July 10, 2018) (citing cases). There is a limited exception to this rule applied when the agency has simply reopened the case "in name only." *Baran*, 397 F. Supp. 3d at 50–51.

There is no question that USCIS's Initial Decision constituted a final agency action when it was rendered and when this case was filed. The Initial Decision, however, now fails both requirements for qualifying as a final agency action. It is not the consummation of USCIS's decisionmaking process because it was vacated following USCIS's reopening of the administrative proceedings. And relatedly, no legal consequences flow from the Initial Decision because USCIS has issued the now-operative Final Decision that does not rely whatsoever on the Initial Decision. Finally, USCIS did not reopen the administrative proceedings in name only, because it issued a new RFE and an entirely new decision before Defendants filed the Motion. *See Baran*, 397 F. Supp. 3d at 51 ("Courts have looked at factors such as whether the agency has sought additional information, whether it identified issues with the original decision or areas for further evidentiary development, and whether the agency requested any additional evidence."). Therefore, USCIS's Initial Decision is not a final agency action. As Plaintiffs have seemingly no intention to amend their Complaint to seek review of USCIS's Final Decision, this case must be dismissed.

### II. This Case is Moot

Defendants also argue this case must be dismissed as moot because the Initial Decision has already been vacated and the Final Decision does not rely on the bases underlying the Initial Decision. Mot. at 5–7. Therefore, even if the Court were to issue a decision sustaining Plaintiffs' challenges to the Initial Decision and RFE, that order would have no effect on the outcome of the administrative proceedings. Plaintiffs largely concede this point, but they argue this case falls within the exception to mootness recognized in cases where an action is capable of repetition yet evading review. Resp. at 1–2. The Court agrees this case is moot and therefore falls outside of the scope of its jurisdiction under Article III.

Article III of the Constitution only gives federal courts jurisdiction over "Cases" and "Controversies." U.S. CONT. art. III, § 2. "As a result, federal courts may exercise their power only for 'the determination of real, earnest, and vital controversy between individuals.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Chi. & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892)). Mootness is derived from this case-or-controversy limitation, "because an action that is moot cannot be characterized as an active case or controversy." *Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1297 (11th Cir. 2018) (cleaned up) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001)). A case is moot where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Al Najjar*, 273 F.3d at 1336 (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000)).

Courts recognize an exception to mootness for disputes that are "capable of repetition, yet evading review." *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 892 (11th Cir. 2023). This exception is narrow, however, and it only applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* at 892–93 (quoting *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014)).

This case has obviously been mooted by USCIS vacating the Initial Decision and issuing the Final Decision. Plaintiffs allege Defendants violated the regulations governing E-2 Treaty Investor status when USCIS required Plaintiff Castillo Castillo to prove the source of the funds invested into the enterprise by New Winds. The Final Decision does not rely on this basis at all. And the Court cannot order Defendants to reopen the administrative proceedings on the basis of the Initial Decision, because they have already done so. Therefore, even if USCIS's request was in fact erroneous, a judicial decision cannot afford Plaintiffs any remedy they have not already received from USCIS itself. Simply put, there is no relief left for this Court to issue.

Further, Plaintiffs' reliance on the capable of repetition yet evading review exception fails. First, there is nothing indicating this type of dispute—an agency proceeding that has lasted over two years—is "too short to be fully litigated prior to cessation or expiration." *Arcia*, 772 F.3d at 1343. Second, Plaintiffs argue they face a "realistic, and non-speculative, prospect of having future petitions as E-2[] investor[s] denied under a misapplication of the law." Resp. at 2. Even accepting the assertion that Plaintiffs will file future petitions, it is rank speculation that USCIS would base any future decision on the ground Plaintiffs initially challenged in this lawsuit. *See Health Freedom Def. Fund*, 71 F.4th at 893 (noting this exception requires a "reasonable expectation" or "demonstrated probability" that the same controversy will occur again (quoting *Fed. Election*

*Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463 (2007))). Plaintiffs are simply seeking an advisory opinion they may use in future proceedings against USCIS, but this Court cannot award that relief. This case must be dismissed.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, [ECF No. 12], is **GRANTED**.

2. This case is **DISMISSED** for lack of subject matter jurisdiction.

3. Any other pending motions are **DENIED AS MOOT**.

4. The Clerk is instructed to mark this case **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**